**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JERALD PAUL,

                 Plaintiff,

vs.

ONEMAIN FINANCIAL GROUP, LLC,

              Defendant.

_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, JERALD PAUL ("Mr. Paul"), by and through undersigned counsel, and brings this action against the Defendant, ONEMAIN FINANCIAL GROUP, LLC ("OneMain"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1.      This action is brought by a consumer for OneMain's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2.      The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

3.      Mr. Paul alleges that OneMain has unlawfully called his cellular telephone in direct contravention of the TCPA. Consequently, Mr. Paul seeks injunctive relief as well as damages and costs in accordance with the TCPA.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

5.      Venue in this District is proper because Mr. Paul resides here and because a substantial portion of OneMain's acts giving rise to the claims asserted herein occurred in this District.

## PARTIES

6.      At all times relevant to this Complaint, OneMain was and is a foreign corporation, formed under the laws of the State of Maryland, and has its principal place of business in Baltimore, Maryland.

7.      At all times relevant to this Complaint, OneMain has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

8.      At all times relevant to this Complaint, Mr. Paul was and is a natural person as defined by 47 U.S.C. § 153(32).

## BACKGROUND AND GENERAL ALLEGATIONS

9.      It is axiomatic that "the right to be let alone" is one of the most valued rights in a civilized society. See Olmstead v. United States, 277 U.S. 438 (1928). Mr. Paul alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

10.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

11.     Upon information and belief, OneMain by and through its agents, representatives and/or employees acting within the scope of their authority used an automatic telephone dialing system ("ATDS") to place numerous telephone calls to Mr. Paul's cellular telephone—(305) 370-2056.

12.     Upon answering any of these calls, Mr. Paul would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect Mr. Paul to a live telephone employee. Other times, Mr. Paul would be greeted by a pre0recorded message prompting him to call OneMain.

13.     Mr. Paul is the sole possessor and user of the cellular telephone that OneMain was calling.

14.     OneMain's calls originated from various numbers including but not limited to 800-742-5465, and 800-599-2335, and include but are not limited to calls placed on March 31, 2017, at or about 3:19 p.m., May 2, 2017, at or about 12:21 p.m., and July 5, 2017, at or about 11:27 a.m.

15.     On March 20, 2017, at or about 2:22, Mr. Paul received a phone call from OneMain and spoke with Ashley Cosby and asked her to stop calling his cell phone.

16.     On April 10, 2017, at or about 3:27, Mr. Paul received a phone call from OneMain and spoke with Sandy Deacons and asked her to stop calling his cell phone

17.     On June 21, 2017, at or about 4:24, Mr. Paul received a phone call from OneMain and spoke with David Carmax and asked him to stop calling his cell phone.

18.     On July 6, 2017, at or about 2:29, Mr. Paul received a phone call from OneMain and spoke with Rick Samson and asked him to stop calling his cell phone.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

19.      OneMain called Mr. Paul many times in a campaign designed to apply psychological stress with the aim of recovering money for an alleged debt. Defendant's calling campaign included multiple calls a day and/or calls on back-to-back days. But for OneMain's use of an ATDS, it would not have been viable to call Mr. Paul with the steady volume of calls OneMain placed to Mr. Paul.

20.      Moreover, OneMain's use of an ATDS to place calls to Mr. Paul's cellular telephone allowed OneMain to "spoof" its phone number through the ATDS's software, and have a local number appear on Mr. Paul's caller identification screen, thus making him believe he was receiving a local call and be more likely to answer it.

21.      Indeed, OneMain's strategy paid off in that Mr. Paul answered the calls believing it was a local call.

22.      Mr. Paul was damaged by these unwanted, harassing and illegal calls. His privacy was improperly invaded, his peace was disturbed, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend time tending to unwanted calls

23.      None of OneMain's telephone calls placed to Mr. Paul were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24.      Upon information and belief, OneMain knew its collection techniques were in violation of the TCPA, yet continued to use them therefore willfully or knowingly violated the TCPA.

25.      All conditions precedent to the filing of this Complaint have occurred or have been waived.

### **COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)**

26.      Mr. Paul repeats, realleges and incorporates paragraphs 1 through 25.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

27.     OneMain placed many non-emergency calls, including but not limited to the calls referenced above, to Mr. Paul's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

28.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded message without that person's express consent.

29.     Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

30.     Upon information and belief, the aforesaid calls to Mr. Paul's cellular telephone were placed using an automated telephone dialing system or employed a prerecorded voice message. These calls bore telltale signs of automation, such as a prerecorded message or a noticeable gap between Mr. Paul's answering the call and a human being coming on the line

31.     Defendant's method of contacting Mr. Paul is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

32.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on OneMain to demonstrate that Mr. Paul provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

33.     OneMain, through its agents, representatives and/or employees acting within the

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

34.     OneMain, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

35.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. *See also* Mims v. Arrow Fin Servs., L.L.C., 132 S. Ct. 740, 744, (2012) ("The Act bans certain practices invasive of privacy")

36.     As a direct and proximate result of the violation of the TCPA by OneMain, Mr. Paul has been damaged. OneMain's phone calls harmed Mr. Paul by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

37.     OneMain's phone calls also harmed Mr. Paul by (1) trespassing upon and interfering with Mr. Paul's rights and interests in access to his cellular telephone Mr. Paul's right to enjoy the full utility of his cellular device; (2) trespassing upon and interfering with Mr. Paul's rights and interests in access to his cellular telephone line; (3) intruding upon Mr. Paul's seclusion; (4) wasting Mr. Paul's time; (5) depleting the battery life on Mr. Paul's cellular telephone; (6) using memory storage space in Mr. Paul's cellular telephone; and (7) causing Mr. Paul aggravation, indignation and unwarranted stress.

38.     The TCPA creates a private right of action for affected consumers, and allows them to recover the greater of their actual monetary loss or up to $1,500 per call for each willful violation. 47 U.S.C. § 227(b). It also allows the District court to increase the award up to treble

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

statutory damages if it finds the defendant's violation was willful or knowing. *Id*. *See also* <u>Mims</u>, 132 S. Ct. at 746.

39.     As a result of OneMain's violations of 47 U.S.C. § 227 *et seq*, Mr. Paul is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Mr. Paul is entitled to injunctive relief prohibiting OneMain from contacting Mr. Paul on his cellular phone using an automated dialing system or prerecorded voice pursuant to 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Mr. Paul respectfully prays that judgment be entered against Defendant, ONEMAIN FINANCIAL GROUP, LLC, for statutory damages of $1,500.00, or $500.00, for each and every violation, an order be entered enjoining ONEMAIN from calling Mr. Paul's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, JERALD PAUL, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
E-mail:     chezky@Rodallaw.com
RODAL LAW, P.A.
*Attorneys for Mr. Paul*
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone:     (954) 367-5308
Facsimile:     (954) 272-7587

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com